UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:10-00010 |
| | ) | JUDGE CAMPBELL |
| GAIL COOKE | ) | |

## ORDER

Pending before the Court are a Motion To Correct Sentencing (Docket No. 51), filed by the Defendant, *pro se,* as well as the Government's Response (Docket No. 53) in opposition. Through the Motion, the Defendant requests that the Court "correct" her sentence.

The Defendant was charged in an Indictment with armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d) (Count One), and using, carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two). (Docket No. 1). The Defendant pled guilty to armed bank robbery pursuant to a Plea Agreement in which the parties agreed to a sentence of 84 months of imprisonment; the Government agreed to dismiss the firearm charge; and the Defendant agreed to forfeit the firearm, an FIE Titan pistol. (Docket No. 39). The Court subsequently sentenced the Defendant, on October 11, 2011, to 84 months of imprisonment pursuant to the terms of the Plea Agreement, and ordered forfeiture of the pistol. (Docket Nos. 49, 50).

The Defendant's Motion cites 18 U.S.C. § 3582 as a basis for her request for modification, but does not explain how the statute applies to her case. Subsection (c) of Section 3582 relates to modification of a sentence after it has been imposed and provides as follows:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

    (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the bases for modification set forth in the statute appear to apply to the Defendant.

The Defendant has attached to her Motion a letter dated June 15, 2013 from the FBI offering her an opportunity to file a claim of ownership interest in the FIE Titan pistol, but the letter appears to have been sent by mistake as the Defendant forfeited the pistol at sentencing as noted above. The Defendant's argument that the letter is a basis for reduction of her sentence is without merit.

The Defendant's Motion also cites *Peugh v. United States,* 133 S.Ct. 2072 (2013). In *Peugh*, the Supreme Court held that the Ex Post Facto clause requires that a defendant be sentenced under the Sentencing Guidelines in effect at the time of the offense rather than those in effect at the time of sentencing if the newer Guidelines carry a higher applicable sentencing range. The Defendant has not shown that the Sentencing Guidelines applied by the Court at her sentencing carried a higher applicable sentencing range than the Guidelines in effect at the time she committed the offense. Thus, *Peugh* does not support a reduction in the Defendant's sentence.

Finally, the Defendant's Motion cites *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013), *rehearing en banc granted, opinion vacated* (6th Cir. July 11, 2013). In *Blewett*, a panel of the Sixth Circuit held that the Fair Sentencing Act should be retroactively applied to those defendants sentenced to mandatory minimum crack sentences prior to its enactment. The panel decision was vacated when the appeals court granted rehearing *en banc*. In any event, the Defendant has not shown how the panel decision regarding retroactivity of crack sentences under the Fair Sentencing Act applies to her sentence for armed bank robbery.

The Defendant has failed to state a meritorious basis for reduction of her sentence.

Accordingly, the Motion To Correct Sentencing (Docket No. 51) is DENIED.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE